IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYSHEID MALIK EL,

Plaintiff,

vs.

CORRECTIONS OFFICER NICHOLAS MATSON et al.,

Defendants.

Civil Action No. 2:21-1325

Magistrate Judge Patricia L. Dodge

**MEMORANDUM ORDER**

Presently before the Court is Defendants' Motion in Limine to Preclude Testimony and Evidence from Plaintiff's Expert Witness and Physician(s) Pursuant to Fed. R. Civ. P. 37(c)(1) ("Motion in Limine") (ECF 80). For the reasons that follow, Defendants' Motion in Limine will be granted.

## I. Relevant Background

Pro se plaintiff Rysheid Malik El ("Plaintiff") commenced this civil rights action against multiple defendants in 2021. After the completion of discovery, Defendants moved for summary judgment. In an opinion and order issued on June 22, 2023, judgment was entered in favor of Defendants with respect to all claims asserted by Plaintiff except for his claims that Defendants Matson and Grantz subjected him to excessive force and committed the tort of battery.

Plaintiff's sole remaining claims against Defendants Matson and Grantz, both of whom are correctional officers, arise out of an incident that occurred while Plaintiff was incarcerated at Westmoreland County Prison. At least as early as June 2022, mail sent by the Court to Plaintiff at that facility was returned as undeliverable. In July 2022, Plaintiff updated his address to a location in Philadelphia, Pennsylvania. Thus, Plaintiff has not been incarcerated at Westmoreland

County Prison since at least June 2022, nor does it appear that he has been otherwise incarcerated since that time.

After Defendants' summary judgment motion was resolved, the parties participated in the Court's Pro Se Prisoner Mediation Program. Counsel was appointed to represent Plaintiff solely for purposes of the mediation, which took place on June 25, 2024. The parties did not reach a resolution at the mediation.

A telephone status conference took place on July 9, 2024, during which Plaintiff and Defendants confirmed that this case was ready to proceed to trial. As a result, the Court issued a Pretrial Order on July 9, 2024 (ECF 76) setting various pretrial deadlines and scheduling the trial to begin on October 28, 2024. Of relevance to Defendants' Motion in Limine, the Pretrial Order directs that in the event Plaintiff intended to call any expert witnesses at trial, he must provide expert disclosures to Defendants no later than July 30, 2024. The Pretrial Order states that expert disclosures must comply with the requirements of Fed. R. Civ. P. 26(a)(2). A deadline for expert discovery was set for August 23, 2024.

The Pretrial Order also required all parties file pretrial statements that complied with Local Civil Rule 16.1C(1). Each party was required to identify all witnesses that they will or may call at trial. All exhibits were to be exchanged by October 4, 2024.

Plaintiff's Pretrial Statement was timely docketed on August 26, 2024. (ECF 77.) His Pretrial Statement identifies his only witnesses as his former cellmate, Thomas Williams, and "Mental Health counselor: TBD." Attached to his Pretrial Statement are various medical records, bills and financial information. Thereafter, Defendants filed their Pretrial Statement. (ECF 78.) Among other matters, Defendants' Pretrial Statement referenced Plaintiff's failure to provide expert disclosures.

Defendants' Motion in Limine was filed on September 25, 2024. At a video conference on September 27, 2024, Defendants' motion was preliminarily discussed. As reflected on the docket, the Court, among other things, reminded Plaintiff of the requirements in the Pretrial Order and advised that his deadline to respond to the Motion in Limine would be October 9, 2024. Plaintiff's response to the motion was docketed on October 8, 2024. (ECF 88.)

## II. **Discussion**

As discussed in Defendants' motion (ECF 80) and accompanying brief (ECF 81), Plaintiff failed to provide any expert disclosures by the court-ordered deadline of July 30, 2024. Instead, on that date, Plaintiff provided Defendants an "Informed Consent for Treatment" from Sankofa Healing Studio, located in Philadelphia, Pennsylvania.[1] (ECF 81 at 3.) According to Defendants, Plaintiff labeled this document "Expert Disclosure," adding that a "Professional Psychotherapist will be appearing on my behalf as an Expert Witness if at pre-trial a settlement agreement is not finalized." (*Id.* at 4.) As Defendants note, however, Plaintiff did not identify the expert or provide a written report that complied with Rule 26(a)(2)(B)(i)-(iv).

Plaintiff also provided additional medical records by way of his Pretrial Statement relating to treatment for numerous physical and mental health-related conditions. There was no indication, however, as to whether Plaintiff intended to call any of the medical providers to testify or to produce a written report. (ECF 77.) Defendants argue that even if Plaintiff was not required to provide a written report, Rule 26(a)(2)(C) still obligates him to provide a disclosure stating the

[1] While Defendants state that this document is attached to its supporting brief as Exhibit 2, Exhibit 2 is a "Patient Plan" dated June 21, 2022 on the letterhead of Delaware Valley Community Health, Inc. Regardless, neither this document nor an informed consent represents an expert disclosure. Moreover, as Plaintiff acknowledges in his response to the Motion in Limine, he does not know the whereabouts of the medical provider whose name appears in Exhibit 2.

subject matter of the testimony and a summary of the facts and opinions about which any such witness will testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

Additionally, as Defendants note, Plaintiff claims that he has sustained a number of physical and mental health conditions as a result of Defendants' alleged conduct. None of the records produced by Plaintiff are sufficient to demonstrate causation, however. An expert witness would therefore be required to prove causation between the excessive force to which Plaintiff claims to have subjected and the injuries he claims.

Defendants also state that they served Plaintiff with interrogatories and a request for production (ECF 81-1) on August 23, 2024 in an effort to obtain information about his potential experts. To date, Plaintiff has not responded to this discovery.[2]

In his response to the motion, Plaintiff states that due to "unforeseen circumstances and complexities surrounding the treatment services dates" received from Sankofa Healing Studio and Delaware Valley Health Care, his failure to comply with the deadline in the Pretrial Order was "harmless error." (ECF 88 at 1.) He suggests that his delay and "minor omission" in not disclosing an expert does not warrant the relief sought by Defendants. In response to Defendants' contention that they will sustain prejudice without access to Plaintiff's expert disclosures, Plaintiff discusses the privacy of medical records and cites to various rules of evidence. None of these arguments apply here, however. Rather, the issue before the Court is whether Plaintiff should be precluded from calling any expert witnesses or treating physicians at the trial scheduled to begin on October 28, 2024 based upon his failure to make expert disclosures or to specifically identify a witness who might testify about his medical diagnoses, prognosis or treatment.

[2] While this discovery was untimely, Plaintiff could have used this opportunity to identify experts, even if belatedly.

It is uncontroverted that Plaintiff did not provide any expert disclosures by the July 30 deadline established in the Pretrial Order. In fact, the only witnesses identified in his Pretrial Statement are his former cellmate and an unidentified "mental health counselor."[3] Plaintiff's claim that his failure to do so was inadvertent is not supported by him in any way. For example, Plaintiff does not say that he did not receive the Court's Pretrial Order, which was mailed to him at his address of record and was not returned as undeliverable. Indeed, he met the deadline for filing his Pretrial Statement. He also did not seek an extension of time, a clarification of the requirement for expert disclosures, a conference with the Court, or take any other action to seek modification of the Court's expert deadlines for good cause. Moreover, he had a further opportunity to advise Defendants of any expert witnesses because Defendants sent him discovery, albeit untimely, seeking that information, which he ultimately declined to answer. While Plaintiff was within his rights to do so, he cannot now complain that he has not had opportunities to put Defendants on notice of any expert witnesses.

Simply put, Plaintiff has never specifically identified an expert witness, let alone complied with the requirements of the Federal Rules of Civil Procedure or this Court's Pretrial Order regarding expert disclosures. Contrary to Plaintiff's position, the failure to disclose expert witnesses and fully comply with the requirements of Rule 26(a) is not harmless. As Rule 26(a)(2) provides, a party is entitled to full disclosure in a written report prepared and signed by an opposing

---

[3] Similarly, Plaintiff's response to the Motion in Limine does not adequately identify a testifying expert or provide, even belatedly, the necessary disclosures. The exhibits he attaches include a HIPAA Notice from Sankofa Healing Studio (ECF 88-1); a Referral Communication Form on Delaware Valley Community Health letterhead from a provider identified as Ruby Camerena, M.D. which includes a "date ordered" of September 6, 2022 and referral information about a primary diagnosis of sciatica and other assessments of cervicalgia and chronic pain of left knee (ECF 88-2 at 1); and a letter that appears to be from Plaintiff to Fairmont Primary Care Center dated September 30, 2024 that states in part that his "legal team" is requesting "Dr. Ruby's" status or current location and a request for how to obtain his medical records (ECF 88-2 at 2). Also included as an exhibit is a copy of an undated email request from Plaintiff to Vincent Lamont asking for any "diagnosis report" his practice may have on file. (ECF 88-3.)

party's expert witness that includes all opinions the expert will express, the basis and reasons for each opinion, the facts considered, the witness's qualifications, any publications within the last 10 years and a list of any other cases in which the witness has testified. Fed. R. Civ. P. 26(a)(2)(A)-(B). When such disclosures are not made in a timely manner, not only does it violate the Federal Rules of Civil Procedure and this Court's Pretrial Order, but it also results in prejudice to Defendants by taking away their ability to investigate Plaintiff's expert and their opinions, take the expert's deposition, and respond with their own expert, thereby making it impossible to fully prepare for trial. *See McCann v. Miller*, 502 Fed. Appx. 163, 172 (3d Cir. 2012) (finding district court did not abuse its discretion by excluding expert testimony where "plaintiffs did not notify [defendants] of their intent to call the treating physicians as expert witnesses until shortly before trial.").

Plaintiff did not seek the appointment of counsel after the summary judgment motion was resolved. At the video status conference held on October 4, 2024, Plaintiff confirmed that he was not seeking the appointment of counsel and intends to continue representing himself. The Court recognizes that Plaintiff is proceeding pro se and as such, the Court has applied the same standards that it would to any pro se litigant. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

At the same time, Plaintiff is still expected to familiarize himself with and to abide by the Rules of Civil Procedure and the orders of this Court. "At the end of the day, [a pro se litigant] cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Plaintiff's failure to do so in this instance, coupled with his absence of any reason for his lack of compliance other than inadvertence, and the resulting prejudice to Defendants, compels the conclusion that Defendants' Motion in Limine should be granted. Thus, Plaintiff will be precluded from calling any expert witness at trial.

Finally, while he has not filed a motion for protective order, Plaintiff included in his response a document titled "Unsworn Affidavit in Support of: Motion for Protective Order." Because it appears to seek certain relief, the Court will construe this document as a motion for protective order. In this affidavit, Plaintiff appears to seek a stay of discovery until the Court can review his medical information and determine what is appropriate for release, or alternatively, that the Court issue a subpoena directly to certain health care providers to obtain " any medical opinion, diagnosis reports, or other relevant medical documentation[.]" (ECF 88-2 at 6.)

Plaintiff's motion will be denied. It is Plaintiff's responsibility, not that of the Court, to obtain records and medical testimony in support of his claim. *See United States v. Broxton*, 666 F. App'x 149, 152 (3d Cir. 2016) ("trial judges '[have] no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for [*pro se* litigants] that counsel would normally carry out.'" (quoting *Mala*, 704 F.3d at 244)) (alteration in original). Plaintiff commenced this action three years ago. Discovery has long since closed, and Plaintiff's untimely efforts – including those efforts that he did not undertake until the last two weeks – to obtain his medical records on the eve of trial, without any reasonable explanation for the delay, do not justify a stay of these proceedings. The Pretrial Order issued in July 2024 provided sufficient notice to Plaintiff of the deadlines for expert disclosures and the exchange of exhibits, among other requirements. Yet he took no action to seek a modification of these deadlines. Moreover, even if

Plaintiff obtained all of his medical records, he would still require testimony from a medical provider about any diagnoses or treatment recommendations. As of today's date, no such provider has been identified as a witness despite the subject being raised multiple times at status conferences and in Defendants' Motion in Limine. Indeed, it appears that as of October 3, 2024, Plaintiff did not even know the present whereabouts of Ruby Camereno, M.D., one of his medical providers.

Therefore, this 11th day of October, 2024, for the reasons set forth herein, it is ORDERED that Defendants' Motion in Limine (ECF No. 80) is GRANTED. Plaintiff is precluded from calling any expert witness at trial.

It is further ORDERED that Plaintiff's motion for protective order (ECF No. 88-2 at 6) is DENIED.

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge