IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSHEID MALIK EL, <br> also known as <br> RYSHEID MALIK EX REL BALDWIN, <br><br> Plaintiff <br><br> v. <br><br> CORRECTIONS OFFICER NICHOLAS MATSON and CORRECTIONS OFFICER JEFFEY GRANTZ, <br><br> Defendants. | Case No. 2:21-cv-01325 <br><br> Magistrate Judge Patricia L. Dodge |

### MEMORANDUM OPINION

For the reasons that follow, the Court will grant Plaintiff's Motion to Reinstate the Case Under Federal Rule of Civil Procedure 60(b). (ECF 103.)

**I.  Relevant Background**

The trial in this case was scheduled to begin on October 28, 2024 at 8:30 a.m. Defendants and their counsel appeared for the trial. Plaintiff, who is proceeding pro se, did not appear, nor did he contact the Court by telephone or email to advise of any delay in appearing or an inability to appear. Later that same morning, Defendants moved to dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court granted their motion and issued a final order that dismissed this case with prejudice for failure to prosecute. (ECF 101.)

Pending before the Court is Plaintiff's verified Motion to Reinstate the Case Under Federal Rule of Civil Procedure 60(b), which he filed on December 20, 2024. (ECF 103.) Plaintiff avers that on October 27, 2024 (the day before the trial was scheduled to begin), he "was the victim of a traumatic incident, sustaining serious injuries that required emergency medical attention, including

1

surgery." (*Id.*) He also avers that "[t]his unforeseen and extraordinary medical emergency resulted in physical incapacitation and an inability to appear or comply with Court deadlines." (*Id.* at 1.)

In support of his motion, Plaintiff has attached his medical records from Penn Presbyterian Medical Center, which is located in Philadelphia, Pennsylvania. These records show that he was admitted to the hospital on October 27, 2024, because he sustained multiple gunshot wounds to the right groin, left lateral thigh and left anterior thigh. He was discharged on November 1, 2024. (*Id.* at 6-12.)

Plaintiff contends that the circumstances described in his motion justify reopening this case under Rule 60(b)(6). Defendants oppose Plaintiff's motion. (ECF 105.)

**II.     Discussion**

Rule 60(b) allows a party to seek relief from a final judgment or order under the following limited set of circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

As explained above, Plaintiff moves for relief under Rule 60(b)(6). "Under this catch-all provision, '[r]elief is appropriate...only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Greene v. Sup't Smithfield SCI*, 882 F.3d 443,

2

449 (3d Cir. 2018) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Moreover, a Rule 60(b)(6) motion "must be made within a reasonable time" after entry of the judgment or order being challenged. Fed. R. Civ. P. 60(c)(1). Whether the movant has filed the motion "within a reasonable time may be determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *INS. Co. of Greater N.Y. v. Fire Fighter Sales & Serv. Co.,* 312 F.R.D. 394, 401 (W.D. Pa. 2015) (internal quotations and citation omitted).

Plaintiff asserts that the "unforeseen" and "traumatic incident" described in his motion qualifies as "extraordinary circumstance" that justifies reopening this case under Rule 60(b)(6). (ECF 103 at 1.) He also claims that he filed his motion within the required "reasonable time" after his "medical emergency." (*Id.* at 2.) Defendants do not dispute or challenge either of these assertions. Nor do they question the truthfulness of the averments Plaintiff makes in his motion.

The Court finds that Plaintiff has established that his injuries and hospitalization qualify as "extraordinary circumstances" that warrant relief under Rule 60(b)(6) from the Court's final order dismissing this case. The Court also finds that Plaintiff filed his motion within the required "reasonable time." While he was still hospitalized, Plaintiff called Chambers to notify the Court that he had been shot and hospitalized and that is why he did not appear for the trial on October 28, 2024. A return call to the hospital confirmed that he was a patient there. Moreover, he likely would have required some recovery time after his release and is proceeding pro se in this matter. Under the circumstances, the Court concludes that Plaintiff filed his motion in a timely manner.

Defendants argue that reopening this case is inappropriate because Plaintiff has an appeal pending before the Third Circuit Court at Case Number 24-3011. They maintain that Plaintiff must

3

pursue "any meritorious claims" in that appeal. (ECF 103 at 3). Defendants are correct that Rule 60(b)(6) is not a substitute for direct appeal. *See, e.g*, *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014). Their argument is not persuasive, however, because Plaintiff's appeal is not challenging this Court's final order dismissing this case. Rather, that appeal, which is interlocutory, challenges the Court's October 24, 2024 order (ECF 96) that denied Plaintiff's motion for a stay. Thus, Plaintiff's pending appeal is not relevant to whether the Court should vacate its October 28, 2024 final order that dismissed this case.

### III. Conclusion

Based on the above, the Court will issue an order that grants Plaintiff's Motion to Reinstate the Case Under Federal Rule of Civil Procedure 60(b) (ECF 103) and vacates the October 28, 2024 order (ECF 101) that dismissed this case. Additionally, in a forthcoming separate order the Court will schedule a status conference to address scheduling the trial in this matter.

January 14, 2025                                    BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge